IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAVID ("WAVESILIDE") F. WILSON, | ) ) | CIVIL NO. 08-00347 JMS/KSC |
| | ) | ORDER (1) GRANTING |
| Plaintiff, | ) | DEFENDANTS GOVERNOR LINDA |
| | ) | LINGLE'S AND LEE P. WEBBER'S |
| vs. | ) | MOTIONS TO DISMISS AND |
| | ) | (2) ORDERING PLAINTIFF TO |
| WILLIAM J. FISCH, LEE P. | ) | SHOW CAUSE WHY COMPLAINT |
| WEBBER, CRAIG A. DUBOW, and | ) | SHOULD NOT BE DISMISSED AS |
| GOVERNOR LINDA LINGLE, | ) | TO REMAINING DEFENDANT |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER (1) GRANTING DEFENDANTS GOVERNOR LINDA LINGLE'S AND LEE P. WEBBER'S MOTIONS TO DISMISS AND (2) ORDERING PLAINTIFF TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED AS TO REMAINING DEFENDANT**

## I.  INTRODUCTION

On July 28, 2008, pro se Plaintiff David "Waveslide" A. Wilson

("Plaintiff") filed a Complaint against Defendants William J. Fisch ("Fisch"), Lee

P. Webber ("Webber"), Craig A. Dubow ("Dubow"), and Governor Linda Lingle

("Governor Lingle") (collectively, "Defendants") seeking declaratory relief for

"ancillary fraud" based upon a July 7, 2006 article appearing in *The Honolulu

Advertiser*.  On January 12, 2009, Governor Lingle filed a Motion to Dismiss

Petition for Declaratory Relief and Webber filed a Motion to Dismiss Plaintiff's

Complaint filed on July 28, 2008.  On January 21, 2009, Dubow filed a Joinder of

Simple Agreement in Webber's Motion to Dismiss.  Because the court lacks

subject matter jurisdiction over Governor Lingle, Webber, or Dubow, their

Motions are GRANTED.[1]

## II. <u>BACKGROUND</u>

To the extent the court can discern, Plaintiff brings his July 28, 2008

Complaint against Defendants for "ancillary fraud" based upon a July 6, 2006

column appearing in *The Honolulu Advertiser* entitled "The History of Today,"

which states that President McKinley signed a treaty annexing Hawaii to the

United States in 1898.  Compl. ¶¶ III, V.  While not entirely clear, Plaintiff

appears to object to the article because there was not a super majority of

affirmative votes in the United States Senate in favor of the treaty, *see id*. ¶ VI,

and due to his belief that annexation of the Kingdom of Hawaii was illegal.  *See

id.* ¶ VII.  Plaintiff requested a retraction of the July 6, 2006 column but none was

printed.  *See id.* ¶¶ IV, V.

*///*

*///*

---

[1] A hearing was held on February 10, 2009.  At the hearing, the court granted Plaintiff an
extension until February 17, 2009 to file an Opposition, but Plaintiff failed to do so.

## III.  <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction.[2]  The court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of a case."  *Kingman Reef Atoll Investments, L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

Pursuant to Rule 12(b)(1), a party may make a jurisdictional attack that is either facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack occurs when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Id.* at 1039.  A factual attack occurs when the movant "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*

In evaluating a facial attack, as in this case, the court may dismiss a complaint when its allegations are insufficient to confer subject matter jurisdiction.  In a facial attack, all allegations of material fact within the complaint

---

[2]  Federal Rule of Civil Procedure 8(a)(1) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction[.]"

are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).[3]  Further, the court limits its analysis to the allegations of and the documents attached to the complaint.  *See Samco Global Arms, Inc. v. Arita*, 395 F.3d 1212, 1214 n.4 (11th Cir. 2005) ("We use the same standard as the district court in analyzing a facial attack on jurisdiction, and therefore accept the well-pleaded allegations of the complaint as true and limit our inquiry to the complaint and the documents attached thereto."); *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) ("In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.").

The moving party "should prevail [on a motion to dismiss] only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001) (citation and quotation signals omitted); *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

---

[3]  Plaintiff is appearing pro se; consequently, the court will liberally construe his pleadings.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

# IV. <u>ANALYSIS</u>

## A.    Defendants' Motions to Dismiss

For the foregoing reasons, the court DISMISSES Plaintiff's Complaint as to Defendants Governor Lingle, Webber, and Dubow for lack of subject matter jurisdiction.

First, Plaintiff fails to identify a basis for this court's jurisdiction -- even liberally construing Plaintiff's Complaint, the court cannot discern a basis for jurisdiction either pursuant to 28 U.S.C. § 1331 or § 1332.

Section 1331, which provides for federal question jurisdiction, states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  While not entirely clear, Plaintiff claims that Defendants committed "ancillary fraud" on the readership of *The Honolulu Advertiser* and Hawaiian residents based upon the July 7, 2006 article that stated President McKinley signed a treaty annexing Hawaii to the United States in 1898.  Compl. ¶¶ III, IV.  Plaintiff does not identify which, if any, federal authority provides federal question jurisdiction under § 1331. Further, liberally construing Plaintiff's Complaint, the court is unaware of *any* civil action arising under either the Constitution, federal statute, or treaties of the United States based upon Plaintiff's allegations.

Section 1332(a)(1), which provides for diversity jurisdiction, states that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

To premise jurisdiction on diversity, Plaintiff must include in his Complaint allegations regarding both the diversity of citizenship and the proper amount in controversy.  *See Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400-01 (9th Cir. 1990).  Plaintiff has done neither.  Further, from the face of the Complaint, complete diversity does not appear to exist.  The Complaint alleges that Plaintiff is a permanent resident of Hawaii, Compl. ¶ VII, and Defendant Governor Lingle is also a resident of Hawaii.

Because -- even liberally construed -- there is *no* basis for this court's jurisdiction over Plaintiff's Complaint, the court DISMISSES Plaintiff's Complaint pursuant to Rule 12 (b)(1) as to Defendants Governor Lingle and Webber.  *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995) ("[D]ismissal of Branson's complaint was required because the district court lacked subject matter jurisdiction . . . .").  Accordingly, the court GRANTS Governor Lingle's and Webber's Motions to Dismiss.

///

///

6

**B.     Subject Matter Jurisdiction over the Remaining Defendant**

Although Fisch has neither filed nor joined a motion to dismiss for lack of subject matter jurisdiction, the court has an obligation to ensure that it has jurisdiction over the claims raised by the parties, and may raise this issue sua sponte.  *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."); *Williams v. United Airlines, Inc*., 500 F.3d 1019, 1021 (9th Cir. 2007) ("[W]e are 'obliged to raise questions of the district court's subject-matter jurisdiction sua sponte.'" (quoting *Hart v. United States*, 817 F.2d 78, 80 (9th Cir. 1987))).  Indeed, Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." (emphasis added); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (quoting Rule 12(h)(3)).  The court, therefore, sua sponte raises the issue of its jurisdiction over this action as to Fisch.

Thus, the court ORDERS PLAINTIFF TO SHOW CAUSE, by **March 23, 2009**, why the Complaint should not be dismissed as to Fisch for lack of jurisdiction.  To the extent that Plaintiff contends he can amend the Complaint to cure any jurisdictional problems, Plaintiff should address how such amendments are consistent with both the law and the allegations in his Complaint.

## V.  **CONCLUSION**

Based on the above, the court (1) DISMISSES Plaintiff's Complaint as to Governor Lingle, Webber, and Dubow for lack of jurisdiction and (2) ORDERS Plaintiff to SHOW CAUSE why the Complaint should not be dismissed for lack of subject matter jurisdiction as to Fisch by **March 23, 2009**.  Failure to comply with this Order may result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 24, 2009.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Wilson v. Fisch et al.*, Civ. No. 08-00347 JMS/KSC, Order (1) Granting Defendants Governor Linda Lingle's and Lee P. Webber's Motions to Dismiss and (2) Ordering Plaintiff to Show Cause Why Complaint Should Not Be Dismissed as to Remaining Defendant